IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PATRICIA JOHNSON,            )
                             )
            Plaintiff,       )
                             )
    v.                       )        1:20CV1038
                             )
FIDELIS RECOVERY MANAGEMENT, )
LLC,                         )
                             )
            Defendant.       )

**ORDER**

This matter comes before the court upon Plaintiff's Motion for Final Default Judgment, (Doc. 7), against Defendant Fidelis Recovery Management, LLC, filed subsequent to an Entry of Default entered against Defendant by the Clerk of Court on December 28, 2020. (Doc. 6.) For the reasons stated, the motion will be granted.

I.  **FACTUAL AND PROCEDURAL HISTORY**

   A.  **Statement of the Facts**

Plaintiff Patricia Johnson ("Johnson" or "Plaintiff") filed this action on November 18, 2020, against Defendant Fidelis Recovery Management, LLC, ("Fidelis" or "Defendant"). (Complaint ("Compl.") (Doc. 1).) Plaintiff alleges claims pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the

North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-52 et seq.; and state common law for invasion of privacy. (Id. ¶¶ 1-3, 36-38, 39-42, 42-46.) Jurisdiction is based upon both federal claim and diversity of citizenship. (Id. ¶ 8.)

Plaintiff was called by Defendant from several different phone numbers. (Id. ¶¶ 12-14.) On May 15, 2019, Plaintiff received a telephone call from Defendant and was informed that Defendant was attempting to collect a debt. (Id. ¶¶ 15, 17.) Plaintiff requested that Defendant only communicate with her by mail. (Id. ¶ 20.) Nevertheless, Defendant continued to call Plaintiff and on May 20, 2019, Plaintiff answered another telephone call from Defendant and again requested Defendant only contact her by mail. (Id. ¶¶ 22, 24.) The telephone calls continued until July 29, 2019. (Id. ¶ 26.)

Defendant called Plaintiff a total of 120 times; sixty-five calls were to Plaintiff's cellphone and 55 calls were to Plaintiff's home phone. (Id.) Defendant called Plaintiff as many as six times a day; the calls were made between 9:30 a.m. and 7:30 p.m. (Id. ¶¶ 28, 29.)

Upon default, the well-pleaded facts of the complaint are deemed admitted. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Fed. R. Civ. P. 8(b)(6). Because Defendant has failed to respond to the complaint, this court

finds the following additional facts. See Ryan, 253 F.3d at 780. On multiple occasions, Defendant contacted Plaintiff on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system in violation of the TCPA. (Compl. (Doc. 1) ¶ 37(b).) Plaintiff has also submitted a declaration under oath describing the telephone calls by Defendant. (Doc. 7-2.) This court further finds Defendant caused a telephone to ring with such frequency as to be unreasonable in violation of N.C. Gen. Stat. § 75-52(3). (Compl. (Doc. 1) ¶ 40.)

**B.  Prodedural History**

Plaintiff filed an affidavit demonstrating service of the Complaint on Defendant on November 25, 2020. (Doc. 4.) Defendant failed to respond to Plaintiff's Complaint and Plaintiff subsequently moved for entry of default. (Doc. 5.) Default was entered by the Clerk against Defendant on December 28, 2020, (Doc. 6.)

Plaintiff subsequently made several efforts to serve Defendant with the Motion for Default Judgment, and after some initial difficulty it appears copies of the motion for entry of default, entry of default, motion for default judgment, and the declarations of Dawn McCraw and Plaintiff were delivered to Defendant on January 22, 2021. (Docs. 8, 9, 10.) Defendant has not responded.

- 3 -

## II. **ANALYSIS**

District courts may enter default judgment against a properly served defendant under Fed. R. Civ. P. 55. Rule 55(a) provides for entry of default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a).

> Although a defaulting party "admits the plaintiff's well-pleaded allegations of fact" as to liability, the party in default is "not held . . . to admit conclusions of law" or allegations regarding liability that are not "well-pleaded." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Thus, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id. (citation omitted); see also 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ., § 2688 (3d ed. 1998) ("Wright, Miller") ("[L]iability is not deemed established simply because of the default, and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); accord Ohio Cent. R. Co. v. Central Trust Co., 133 U.S. 83, 91 (1890).

Silvers v. Iredell Cnty. Dep't of Soc. Servs., Civil Action No. 5:15-CV-00083-RLV-DCK, 2016 WL 427953, at *4 (W.D.N.C. Feb. 3, 2016). It is for the court to "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought." Ryan, 253 F.3d at 780.

> The party moving for default judgment must still show that the defaulted party was properly served, Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996), and that the "unchallenged factual allegations constitute a legitimate cause of action," Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010); see [J&J Sports Prods., Inc. v.]

> Romenski, 845 F. Supp. 2d [703] at 705 [W.D.N.C. 2012] (default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought"). Finally, "[i]f the court determines that liability is established, the court must then determine the appropriate amount of damages.

Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 637–38 (M.D.N.C. 2019). After careful review of the Complaint and all relevant pleadings, this court finds a default judgment should be entered. However, for the reasons explained hereafter, this court will not enter judgment on all of Plaintiff's claims.

### A. Service of Process

Plaintiff alleges in the Complaint that "Defendant is a corporation with its principal place of business located in Marietta, Georgia. Defendant can be served through its agent for service of process, CT Corporation System, located at 160 Mine Lake Ct, Ste 200, Raleigh, NC 27615-6417, Wake County." (Compl. (Doc. 1) ¶ 5.) A summons was issued to Defendant, (Doc. 2), and the complaint and summons were served by hand-delivery on November 25, 2020, by an individual "of legal age and [with] proper authority" in this jurisdiction, (Doc. 4). A summons may be served with the complaint by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). Plaintiff has shown that Defendant was properly served.

## B. TCPA

The TCPA creates a private right of action based on a violation of the statute. 47 U.S.C. § 227(b)(4). That statute makes it unlawful for any person within the United States:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —
>
> . . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii). In the absence of any dispute created by the filing of answer, this court finds, as Plaintiff alleges, that on 65 occasions Defendant contacted Plaintiff on her cellular phone using an automatic telephone dialing system or prerecorded voice in violation of the TCPA. (Compl. (Doc. 1) ¶¶ 26, 37-38.)

However, this court is not able to find that Defendant violated the TCPA as the telephone calls to her home. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of

- 6 -

the called party . . . ." 47 U.S.C. § 227(b)(1)(B). Neither the complaint nor the affidavit makes clear whether the calls to Plaintiff's home used an artificial or prerecorded voice to deliver a message. As a result, this court declines to award statutory damages for the calls made to Plaintiff's home.

This court therefore finds that Plaintiff is entitled to statutory damages for the 65 telephone calls made to her cellular telephone and each call constitutes a violation of the TCPA. Once a violation of the TCPA is established, 47 U.S.C. § 227(b)(3) permits Plaintiff to recover "actual monetary loss from such a [TCPA] violation, or to receive $500 in damages for each such violation, whichever is greater." Plaintiff has not presented evidence of a monetary loss; this court therefore applies the statutory damage amount to each violation. This court finds an award of statutory damages in the amount of $32,500.00 is warranted on the evidence.

C.  NCDCA

Plaintiff also asserts a claim under the NCDCA. The NCDCA prohibits a debt collector from harassing "any person in connection with the attempt to collect any debt." N.C. Gen. Stat. § 75-52. The "unfair acts" covered by the statute include "[c]ausing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable

- 7 -

or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person." N.C. Gen. Stat. § 75-52(3). In light of Defendant's default, this court finds Plaintiff's description of the number of calls, both at home and on the cellular telephone, are accurate.

Plaintiff alleges these telephone calls caused actual damages "including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain." (Compl (Doc. 1) ¶ 35.) However, in her declaration, Plaintiff alleges simply that "[t]he actions by Defendant have caused [her] to experience emotional distress." (Doc. 7-2 ¶ 13.)

> The NCDCA prohibits a "debt collector" from using unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations, or other unconscionable means to collect a "debt" from a "consumer." See, e.g., Davis Lake Cmty. Ass'n v. Feldmann, 138 N.C. App. 292, 295-97, 530 S.E.2d 865, 868–69 (2000) (describing elements of NCDCA claim). An NCDCA claim also must meet the generalized requirements of UDTPA claims: (1) an unfair act, (2) in or affecting commerce, (3) that has <u>proximately caused</u> plaintiff injury. See, e.g., id. (emphasis added). Under North Carolina law, the proximate cause of an injury is a factual question, and there may be more than one proximate cause of an injury. See, e.g., Martin v. Smith, 534 F.Supp. 804, 806 (W.D.N.C. 1982).

Ross v. Washington Mut. Bank, 566 F. Supp. 2d 468, 479 (E.D.N.C. 2008). While this court does not doubt that the telephone calls

- 8 -

described in the complaint were distressing, this court does not find a conclusory statement alleging emotional distress sufficient to establish injury.

> [B]ecause "emotional distress [is] fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims." Price v. City of Charlotte, 93 F.3d 1241, 1250 (4th Cir. 1996). And this is precisely why "conclusory statements that the plaintiff suffered emotional distress . . . [do not] support[] an award of compensatory damages." Id. at 1254. Presented only with [the plaintiff's] conclusory assertions, no reasonable jury could find that [the defendant's] debt collection practices were the proximate cause of [the plaintiff's] non-economic injuries.

Ross v. F.D.I.C., 625 F.3d 808, 818 (4th Cir. 2010). Here, Plaintiff's conclusory statement that Defendant's actions "have caused [her] to experience emotional distress" is insufficient to state an injury. "To be actionable, the alleged tortuous action must proximately cause a 'severe and disabling emotional or mental condition which [is] generally recognized and diagnosed by professionals trained to do so.' Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85 (1990)." Houck v. Lifestore Bank, Civil Action No. 5:13-CV-66-DSC, 2014 WL 197902, at *4 (W.D.N.C. Jan. 15, 2014). This court therefore finds Plaintiff has failed to establish an injury within the meaning of the NCDCA, and damages will not be awarded under this claim. For similar reasons, this court

declines to award damages under Plaintiff's third claim for relief, violation of privacy.

   D.   **<u>Treble Damages</u>**

Plaintiff also seeks statutory damages of $1,500 for "each and every knowing and/or willful violation of the TCPA" pursuant to 47 U.S.C. §§ 227(b)(3)(B) and (C). (Compl. (Doc. 1) at 9.) 47 U.S.C. § 227(b)(3) provides:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

Plaintiff provides some evidence which might support a finding that Defendant acted willfully. Plaintiff alleges she told Defendant on two occasions, May 15, 2019 and May 20, 2019, to communicate with her by mail only. (Compl. (Doc. 1) ¶¶ 15, 20, 22, 24.) In spite of these requests, the calling continued from May 13, 2019 until July 29, 2019. (Id. ¶ 26.) However, on these limited facts, it is not clear who may have called Plaintiff, whether the same person called each time, or whether the continued calls were the result of intentional, reckless, or negligent conduct. It is also unknown at this point whether the caller was an employee of Defendant or occupied some other type of agency relationship.

Plaintiff alleges in the complaint that Defendant "willfully and/or knowingly contacted Plaintiff on her cellular phone using an artificial prerecorded voice or an automatic telephone dialing system and as such, [Defendant] knowing [sic] and/or willfully violated the TCPA." (Id. ¶ 37(b).) Although these allegations are taken as true, they are conclusory, and the complaint contains no facts which support or explain the basis of that conclusion.

In upholding an award of treble damages in a TCPA action, the Fourth Circuit explained:

> The court identified two alternative and independent bases for finding Dish's conduct to be "willful" and "knowing." The first was derived from traditional agency law. As the district court explained, it is a familiar principle of agency that "a principal is liable for the willful acts of his agent committed within the scope of the agent's actual authority." J.A. 570 (citing Restatement (Third) of Agency § 7.04). The second was grounded in Dish's own conduct, apart from the agency relationship. In articulating the standard applicable to Dish's actions standing alone, the court rightly acknowledged that mere negligence would not be enough to support trebling the award. Instead, Dish would only be liable if its actions demonstrated indifference to ongoing violations and a conscious disregard for compliance with the law.

Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 661–62 (4th Cir.), cert. denied, ____ U.S. ____, 140 S. Ct. 676 (2019). This court, after careful review of the pleadings, is not able to identify any facts which authorize an award of treble damages.

It is not clear whether Defendant acted knowingly, willfully, intentionally, or negligently with respect to these calls.

### III. CONCLUSION

This court finds the motion for default judgment should be granted in part and denied in part. Plaintiff has established a violation of the TCPA and is entitled to an award of statutory damages in the amount of $32,500. This court declines to award treble damages. This court further finds Plaintiff has not established a violation of the NCDCA nor a tort grounded in invasion of privacy - those claims will be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 7), is **GRANTED IN PART** and Default Judgment is hereby entered against Defendant Fidelis Recovery Management, LLC, in the amount of $32,500.00 in statutory damages.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment as to the claim for violation of the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-52 et seq., and the claim of a state common law invasion of privacy are **DENIED** and those claims, (Counts II and III), are **DISMISSED**.

A default judgment will be entered contemporaneously with this Order.

This the 13th day of April, 2021.

                                                /s/ William L. Osteen, Jr.
                                                United States District Judge